143 A.3d 880

INSIGHT GLOBAL, LLC, PLAINTIFF, v. COLLABERA, INC., DEFENDANT. CARLY BORDINO, PLAINTIFF, v. INSIGHT GLOBAL, INC., DEFENDANT.

Superior Court of New Jersey
Law Division
Morris County

Decided: November 20, 2015

*Stacey Adams* and *Lauren Marcus* for plaintiff Carly Bordino (*Littler, Mendelson, P.C.*, attorneys).

*William Cambria* for defendant Insight Global, LLC (*McElroy, Deutsch, Mulvaney & Carpenter*, attorneys); and *Christopher C. Marquardt* (*Alston & Bird, LLP*) of the Florida and Georgia bars, admitted pro hac vice).

STEPHAN C. HANSBURY, P.J., Ch.

### CAUSE OF ACTION

Defendant, Collabera, Inc. ("defendant") filed a motion to dismiss plaintiff, Insight Global, LLC's ("plaintiff") complaint.

### PROCEDURAL HISTORY

Plaintiff is an international staffing services company with thirty-five offices across the United States and Canada, including an office located in Morristown, New Jersey. Through recruiting methods and strategies, plaintiff provides temporary employees to its clients on both long-term and short-term bases. Defendant also provides staffing services to its clients, focusing on the information technology sector. Plaintiff and defendant are in direct competition with one another.

Plaintiff requires all employees to execute Employment Agreements containing restrictive covenants containing nondisclosure, non-compete, non-recruitment, and non-solicit provisions. Upon termination of employment, some employees must also sign Separation Agreements that reaffirm the above provisions. The Separation Agreement prohibits former plaintiff employees from working

for a competitor within fifty miles of plaintiff's office for a period of one year.

Plaintiff instituted this action on July 28, 2015, and filed an Amended Complaint on July 30, 2015. Plaintiff alleges that defendant induced at least twelve former plaintiff employees to violate their Employment Agreements and work for Defendant. Two of these employees include Carly Bordino and Brook Boniakowski, who worked exclusively in the plaintiff's Morristown Office. Bordino and Boniakowski were both entry-level recruiters and they each signed an Employment Agreement and Separation Agreement on their final day of employment. None of the former employees are named defendants in this action. Plaintiff instead instituted suits in Georgia against five former employees including Bordino and Boniakowski.

Significant to this motion, at the time plaintiff filed the complaint, it was not registered or licensed to do business in New Jersey. Plaintiff does not contest this fact. Defendant, on the other hand, is licensed as a Consulting Firm/Temporary Help Services Firm. Recently, on October 16, 2015, plaintiff filed registration papers with the State of New Jersey to be registered as a temporary help services firm in accordance with the requirements set forth by the Private Employment Agency Act discussed below.

## STATEMENT OF REASONS

A. Standard to Dismiss a Complaint

*Rule* 4:5-2 requires a plaintiff to plead "a statement of the facts on which the claim is based, showing that the pleader is entitled to relief . . . [.]" Pursuant to *Rule* 4:6-2(e), a defendant may move to dismiss a plaintiff's complaint if the complaint fails to state a claim upon which relief can be granted. The New Jersey Supreme Court has articulated the test for evaluating the accuracy of a pleading as "whether a cause of action is 'suggested' by the facts." *Printing Mart–Morristown v. Sharp Elecs.*, 116 *N.J.* 739, 746, 563 *A.2d* 31 (1989) (citing *Velantzas v. Colgate–Palmolive Co.*, 109 *N.J.* 189,

192, 536 *A.2d* 237 (1988)). "A reviewing court 'searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" *Ibid.* (quoting *Di Cristofaro v. Laurel Grove Mem'l Park,* 43 *N.J.Super.* 244, 252, 128 *A.2d* 281 (App.Div.1957)). Facts pled are taken as true and the plaintiff is entitled to every reasonable inference. *Velantzas, supra,* 109 *N.J.* at 192, 536 *A.2d* 237 (internal citation omitted).

However, while a court must accept well-pled allegations as true for the purpose of motions filed under *Rule* 4:6-2(e), a court is not required accept unsupported evidentiary conclusions and unwarranted inferences. *See Nostrame v. Santiago,* 213 *N.J.* 109, 129, 61 *A.3d* 893 (2013) (affirming the dismissal of a complaint based upon "nothing more than [ ] unsupported suspicion[s]"). In addition, where the factual allegations are insufficient to support a claim upon which relief can be granted, the court must dismiss the complaint. *Rieder v. Dep't of Transp.,* 221 *N.J.Super.* 547, 552, 535 *A.2d* 512 (App.Div.1987). It should be noted, "the court may not consider anything other than whether the complaint states a cognizable cause of action." *Ibid.* Therefore, whether a claim survives a motion to dismiss depends solely on the sufficiency of the well-pleaded allegations pled within the "four-corners" of the complaint, and nothing more. *See Richardson v. Standard Guar. Ins. Co.,* 371 *N.J.Super.* 449, 467, 853 *A.2d* 955 (App.Div.2004).

## B. Private Employment Agency Act

Pursuant to the Private Employment Agency Act (PEAA), *N.J.S.A.* 34:8–24 to -42, all businesses that provide employment and personnel services must be licensed and/or registered in New Jersey in order to operate within the State. *N.J.S.A.* 34:8–52(a). The purpose of the PEAA is to "regulate the conduct of all employment agencies providing services to New Jersey employees and employers" and to "alleviate abuses in the employment-agency industry." *Accountemps Div. of Robert Half of Philadelphia, Inc.*

*v. Birch Tree Group, Ltd.*, 115 *N.J.* 614, 623, 560 *A.2d* 663 (1989). The PEAA applies to: (1) employment agencies; (2) temporary help service firms; and (3) consulting firms. *N.J.S.A.* 34:8–43.

The PEAA covers an employment agency to the extent that for a fee, the business:

> (1) Procures or obtains, or offers, promises or attempts to procure, obtain, or assist in procuring or obtaining employment for a job seeker or employees for an employer;
>
> (2) Supplies job seekers to employers seeking employees on a part-time or temporary assignment basis who has not filed notification with the Attorney General; or
>
> . . . .
>
> (4) Acts as a placement firm, career counseling service, or resume service
>
> . . . .
>
> [*N.J.S.A.* 34:8–43.]

*See also Data Informatics, Inc. v. AmeriSOURCE Partners*, 338 *N.J.Super.* 61, 63–64, 768 *A.2d* 210 (App.Div.2001) (holding that the plaintiff that was "engaged in the business of placement of contract personnel with other entities" was required to be licensed/registered under the PEAA). Importantly, the PEAA regulates: "the operation of persons offering, promising, attempting to procure and/or supplying, procuring, obtaining or assisting in procuring or obtaining employment or personnel services or products in the State of New Jersey." *N.J.A.C.* 13:45B–1.1. Thus, the PEAA regulates employment agencies (and other like entities) in the operations of the employment agency business and does not explicitly regulate other business activities outside the scope of that context.

> The PEAA defines a "temporary help services firm" as:
>
> [A]ny person who operates a business which consists of employing individuals directly or indirectly for purpose of assigning the employed individuals to assist the firm's customers in the handling of the customers' temporary, excess or special work loads, and who, in addition to the payment of wages or salaries to the employed individuals, pays federal social security taxes and State and federal unemployment insurance; carries worker's compensation insurance as required by State law; and sustains responsibility for the actions of the employed individuals while they render services to the firm's customers. A temporary help

service firm is required to comply with the provisions of P.L. 1981, c. 39 (C. 56:8-1 et seq.).

[*N.J.S.A.* 34:8–43.]

The PEAA sets forth that temporary help services firms are exempt from the Act if they do not:

(1) [C]harge a fee or liquidated charge to any individual employed by the firm or in connection with employment by the firm;

(2) [P]revent or inhibit, by contract, any of the individuals it employs from becoming employed by another person[.]

[*N.J.S.A.* 34:8–46(h)].[1]

Finally, the PEAA defines a "consulting firm" as "any person required to be registered under section 23 of this act that:"

(1) Identifies, appraises, refers or recommends individuals to be considered for employment by the employer; and

(2) Is compensated for services solely by payments from the employer and is not, in any instance, compensated, directly or indirectly, by an individual who is identified, appraised, referred or recommended.

[*N.J.S.A.* 34:8–43.]

Furthermore, *N.J.S.A.* 34:8–52 states:

It shall be a violation of the provisions of this act for any person to:

a. Open, conduct, or maintain, either directly or indirectly, an employment agency or perform any of the functions of an employment agency without first obtaining a valid employment agency license from the director and complying with all requirements of this act regarding agents' licenses for the agents of the agency.

Thus, the PEAA prohibits any employment agency, or an agency performing the functions of an employment agency, from conducting business without first obtaining a license.

According to *N.J.S.A.* 34:8–45(b), "A person shall not bring or maintain an action in any court of this State for the collection of a fee, charge or commission for the performance of any of the activities regulated by this act without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose."

---

[1] As evidenced by the record, plaintiff does not fit within either exemption. Indeed, plaintiff does not argue that it falls within any exemption in *N.J.S.A.* 34:8–46(h). Thus, a possible exemption from the PEAA is not at issue in this case.

Indeed, the PEAA is a "legislative mandate which precludes otherwise meritorious causes of action in order to insure enforcement of a statutory scheme which serves the greater good." *Data Informatics, supra,* 338 *N.J.Super.* at 80, 768 *A.2d* 210. Due to the PEAA's penal nature, New Jersey courts have also dismissed other claims brought by an unlicensed/unregistered business. *See, e.g. Data Informatics, supra,* 338 *N.J.Super.* at 64–65, 768 *A.2d* 210 (dismissing claims for breach of restrictive covenant due to plaintiff's unlicensed status). In *Peri Software Solutions, Inc. v. Aggarwal,* No. A–0388–06T5, 2007 WL 1245955 (App.Div. May 1, 2007) (slip op. at 8) the Appellate Division affirmed the dismissal of the plaintiff's claims regarding breach of restrictive covenant, tortious interference, unjust enrichment, and misappropriate of confidential information because plaintiff was unlicensed/unregistered in violation of the PEAA. Thus, the claim at issue need not only be related to a fee or commission. As plaintiff notes, the case law is limited to dismissing claims brought by an unlicensed/unregistered company against: (1) a customer or (2) an employee assigned to work for a customer.

Furthermore, "public policy precludes enforcement of a contract entered into in violation of a licensing statute." *Accountemps, supra,* 115 *N.J.* at 614, 560 *A.2d* 663; *Peri Software Solutions, Inc., supra,* slip op. at 8, 2007 *WL* 1245955. Thus, failure to license or register an employment agency in New Jersey serves as a bar to enforcing a contract. *Accountemps, supra,* 115 *N.J.* at 626, 560 *A.2d* 663; *see also Data Informatics, supra,* 338 *N.J. Super.* at 79, 768 *A.2d* 210; *Nitta v. Yamamoto,* 31 *N.J. Super.* 578, 584, 107 *A.2d* 515 (App.Div.1954) (voiding a restrictive covenant because plaintiff failed to obtain an employment agency license); *Peri Software Solutions, Inc., supra,* slip op. at 9, 2007 *WL* 1245955 (holding that the restrictive covenants at issue are unenforceable as a matter of public policy); *Talented IT, Inc. v. Data Group, Inc.,* A–1836–08T1, (App.Div. Oct. 7, 2009) (slip op. at 18) ("To permit Talented to enforce the contract in our courts—in the face of its regulatory violations and failure to operate with the mandated registration—and recover the unpaid sums otherwise due

would strip the CFA [Consumer Fraud Act, *N.J.S.A.* 56:8-1 to -8-195] and the [PEAA] of the gravitas intended by the Legislature as remedial statutes.").

### 1. Classification of Insight Global

In this case, there is some disagreement as to whether plaintiff is properly classified as an "employment agency," "temporary help services firm," or a "consulting firm" under the PEAA. Plaintiff argues that it is a temporary help services firm and a "consulting firm" for purposes of the PEAA. Plaintiff argues that the fact it recently registered as a temporary help services firm and a consulting firm in the State of New Jersey is determinative to the analysis. Plaintiff does note, however, "that under the PEAA's statutory scheme, failure to register earlier as a [temporary help services firm] could result in Insight Global being considered an 'employment agency' for the purposes of *N.J.S.A.* 34:8–52 with respect to preregistration matters."

Defendant, on the other hand, argues that plaintiff's classification is irrelevant to the case at hand. Specifically, *N.J.S.A.* 34:8–45(b), the PEAA's pecuniary provision that precludes an unregistered entity from availing itself of New Jersey state courts, applies to both employment agencies and temporary help services firms. Therefore, it does not matter what classification the Court gives plaintiff because plaintiff's claims must be dismissed for failure to register under the PEAA.

Furthermore, defendant posits that plaintiff was not registered as a "temporary help services firm" or an "employment agency" at the time the activities giving rise to these matters arose. Thus, "[a]s a result of this failure to register, Insight is deemed an Employment Agency under the PEAA." Specifically, *N.J.S.A.* 34:8–43 states that an employment agency is an entity that "[s]upplies job seekers to employers seeking employees on a part-time or temporary assignment basis who has not filed notification with the Attorney General." Thus, since plaintiff was not registered during the relevant times to this action, plaintiff was an

employment agency until its recent registration. Indeed, plaintiff acknowledged this fact as described above.

Finally, defendant argues that plaintiff violated *N.J.S.A.* 34:8–52 regardless of whether plaintiff is an employment agency or temporary help services firm. Specifically, *N.J.S.A.* 34:8–52 applies to "an employment agency" or to an entity that "perform[s] any of the functions of an employment agency." For the reasons discussed above, defendant argues that plaintiff is an employment agency, thus falling under the purview of *N.J.S.A.* 34:8–52. Even if this Court determines that plaintiff is a temporary help services firm, plaintiff still violated *N.J.S.A.* 34:8–52 because it performed "functions of an employment agency."

■ This Court finds that plaintiff is an employment agency under the PEAA for all times prior to its registration with the State of New Jersey on October 16, 2015. As defendant argues and plaintiff acknowledges, an employment agency under the PEAA is an entity that "[s]upplies job seekers to employers seeking employees on a part-time or temporary assignment basis who has not filed notification with the Attorney General." *See N.J.S.A.* 34:8–43. At all relevant times to the facts underlying this case, plaintiff was an unregistered entity that supplied job candidates to employers. Thus, plaintiff fits within the definition of an employment agency under *N.J.S.A.* 34:8–43. This Court need not consider plaintiff's present classification under the PEAA because it was not until after the complaint was filed that plaintiff registered with the State of New Jersey as a "temporary help services firm" and "consulting firm."

Even if plaintiff was a temporary help services firm at all relevant times to this action, the outcome would not be different. First, plaintiff still violated *N.J.S.A.* 34:8–52 because it performed "functions of an employment agency." Pursuant to *N.J.S.A.* 34:8–52, it is a violation of the PEAA to conduct business as an employment agency in this State without first obtaining the required license. Second, and most important for the reasons discussed below, *N.J.S.A.* 34:8–45(b) applies to both employment

agencies and temporary help services firms alike. Specifically, if an employment agency, temporary help services firm, or consulting firm failed to prove licensure or registration, the entity cannot bring a cause of action in New Jersey state courts. In conclusion, regardless of this Court's classification of plaintiff as an employment agency for all times prior to its registration in October 2015, the outcome of defendant's motion to dismiss would be the same.

### 2. Defendant's Motion to Dismiss

In this case, defendant moves to dismiss the complaint because plaintiff is an unregistered/unlicensed employment agency under the PEAA. Pursuant to *N.J.S.A.* 34:8–45(b), plaintiff is prohibited from maintaining an action in New Jersey state court for its PEAA violation. Moreover, the Employment Agreements and Separation Agreements at issue in this litigation are void due to plaintiff's failure to register or obtain a license to do business in New Jersey.

Plaintiff does not refute the fact that it is unlicensed/unregistered to do business in New Jersey. Plaintiff, however, asserts that the PEAA does not bar all claims for legal relief on any cause of action in New Jersey state court. First, it is asserted that plaintiff's claims do not relate to the collection of any "fee, charge or commission" for an activity regulated by the PEAA. Therefore, the complaint should not be dismissed as it falls outside the scope of the PEAA. However, as case law above indicates, the claims must be related to collection of a fee to be regulated by the PEAA.

Second, plaintiff asserts that the PEAA does not regulate this dispute with its own employees. Plaintiff states that the "PEAA only bars covered business not in compliance with the Act's licensing/registration requirements from bringing claims based on activities regulated by the Act, and neither the case law nor the statute purports to deny such businesses access to New Jersey's courts entirely and without exception on any and all claims." Plaintiff notes that the case law shows that the bar to bringing suit applies exclusively in cases in which a covered business

brought claims against a customer to whom it supplied workers, another placement agency from which it procured employees to place with a customer, or a temporary employee whom it placed with an employer. Thus, if the conduct at issue is not based on and directly related to the company's activities as an employment agency, then the unlicensed/unregistered company can bring suit in state court. Given that plaintiff asserted claims based upon defendant's wrongdoing in misappropriating trade secrets and poaching plaintiff's employees, the suit lies outside the scope of the PEAA. Specifically, the amended complaint is unrelated to plaintiff's business as an employment agency because it is not based upon procuring employment to customers. Instead, the matter relates to plaintiff's internal affairs with its employees and defendant's wrongful conduct that has nothing to do with plaintiff's covered activities under the PEAA.

Finally, plaintiff contends that the Employment Agreements and Separation Agreements at issue are not void for much of the same reasoning above. The contracts here do not directly relate to plaintiff's conduct as an employment agency. Instead, the contracts govern internal employee affairs and conduct.

In reply to plaintiff's contentions, defendant asserts that the conduct at issue in the amended complaint directly relate to plaintiff's business as an employment agency. Indeed, plaintiff's employees that were allegedly poached by defendant acted as recruiters for plaintiff in providing employment services to plaintiff's customers. These employees were apparently so integral to its staffing business that plaintiff filed at least twelve suits aimed at preventing them from working for competitors like defendant. The PEAA regulates "the operation" of employment personnel services. *N.J.A.C.* 13:34B–1.1. Thus, plaintiff's former employees were part of plaintiff's overall operation of being an employment agency.

■ This Court grants defendant's motion to dismiss the amended complaint. It is evident that plaintiff is not licensed or registered to do business in New Jersey. Moreover, plaintiff is an

employment agency,[2] which is regulated by the PEAA. The PEAA setup a regulatory scheme that requires plaintiff to register/obtain a license in order to assert a claim in New Jersey state court. Thus, the PEAA requires the dismissal of the amended complaint.

First, the PEAA does not only bar claims for a collection of fees as described above. As the case law shows, the type of claims asserted by plaintiff are fair game for dismissal under the PEAA. Furthermore, plaintiff's claims all relate to the operation of its employment agency services as noted by defendant. Although plaintiff is not suing a customer or an employee it procured for a customer, plaintiff's claims still directly relate to plaintiff's employment services. The former employees at issue were recruiters and other support staff that acted to procure employees for plaintiff's customers. The PEAA is not so narrow in scope to apply only to the actions that plaintiff describes. Moreover, the alleged misappropriation of trade secrets also relates to plaintiff's operation as an employment agency by virtue of the inherent nature of a trade secret. Since the PEAA applies to plaintiff and plaintiff's claims relate to the operation of its employment agency services, the Separation Agreements and Employment Agreements are also unenforceable in New Jersey state court. Although plaintiff may be right that the PEAA does not bar all potential causes of actions, the claims asserted in the amended complaint directly correlate to the principles underlying PEAA regulation. The claims all relate to plaintiff's business as an employment agency and the former employees who helped run plaintiff's business. Plaintiff did not submit itself to registration by the State of New Jersey as it should have. It cannot, therefore, avail itself of the courts of the State.

For the foregoing reasons, this Court grants defendant's motion to dismiss the amended complaint.

---

[2] As indicated above, even if this Court were to agree with plaintiff that it more accurately classified as a "temporary help services firm" and "consulting firm," the outcome would still be the same since all three entities are regulated by the PEAA.